IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK A. NAVA | § | |
| | § | |
| vs. | § | CIVIL ACTION |
| | § | |
| | § | NO. _____ |
| | § | |
| CEM INSURANCE COMPANY | § | JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

CEM Insurance Company ("CEM"), the Defendant herein, respectfully submits the following notice of removal.

### I.

CEM is the Defendant in litigation now pending in the County Court at Law No. 10 of Bexar County, Texas, Cause No. 2020CV03138, styled *"Mark A Nava v. CEM Insurance Company."* The suit filed against CEM is a civil action seeking recovery of underinsured motorist benefits under a contract of personal auto insurance, as well as a claim for breach of contract and a claim for attorney's fees under the Texas Declaratory Judgment Act.[1]

### II.

Both at the time of the filing of Plaintiff's Original Petition and at the time of the filing of this Notice of Removal, Plaintiff was, is, and continuously has been a citizen of the State of Texas

---

[1] CEM has not been actually served with citation in connection with Plaintiff's lawsuit. Instead, Plaintiff apparently served the citation for CEM on a CPA in Euless, Texas, who was alleged to be the registered agent for CEM, but who is not in fact CEM's registered agent and who has no connection whatsoever with CEM. CEM became aware of the lawsuit, however, and has already filed an appearance in the state court suit and is timely filing this Notice of Removal within 30 days of the improper service on someone who is not a registered agent for CEM.

with his place of residence in the state of Texas.  Both at the time of filing Plaintiff's Original

Petition and at the time of the filing of this Notice of Removal, Defendant was, is, and continuously

has been a corporation organized and existing under the laws of the State of Illinois and having its

principal place of business in the State of Illinois.  Thus, Defendant is a corporate citizen of the

State of Illinois.

## III.

The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum

or value of $75,000, as evidenced by Plaintiff's allegation at page 2, numbered paragraph III of

Plaintiff's Original Petition, which reads: "Plaintiff states that he seeks monetary relief over one

hundred thousand dollars ($100,000.00) but no more than two hundred thousand dollars

($200,000.00)."

Plaintiff has not affirmatively plead an amount in controversy less than $75,000.

Moreover, an analysis of the Plaintiff's claims demonstrates that the damages sought, including

the claim for attorney's fees, more likely than not places the amount in controversy above the

jurisdictional minimum, as Plaintiff has expressly alleged.

Plaintiff seeks recovery of damages arising from a motor vehicle accident that occurred on

July 22, 2018, in San Antonio, Texas.  Plaintiff alleged that, as a result of the collision, he

"sustained serious injuries and damages, the value of which exceeded the liability policy limits of

the Third Party, Monica Pena Lucio."  *Plaintiff's Original Petition*, p. 3, ¶ V.  After settling with

Ms. Lucio's liability insurer for the limits of her liability policy, Plaintiff sought – and seeks – the

recovery of the balance of his damages from Defendant CEM, including the "full value of his

underinsured benefits."  *Id.* at p. 4.  Plaintiff has sued for the UIM benefits under the contract of

insurance and for breach of contract, pursuant to which he "seeks damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, litigation expenses, and costs of court." *Id.* at p. 5, ¶ VII.  In addition, Plaintiff seeks recovery of attorney's fees under Chapters 37 and 38 of the Texas Civil Practice & Remedies Code.  *Id.* and at ¶ VIII.

**IV.**

This Court has jurisdiction and this action is properly removable based upon diversity of citizenship under 28 U.S.C. §1332, et seq.  Pursuant to 28 U.S.C. § 1664, Defendant has removed this action to this Court within the time specified by law.

**V.**

Attached hereto are (1) an index of all attached documents, (2) a copy of the Docket Sheet in the State Court action, (3) all executed process, (4) all pleadings (excluding discovery material) filed in the State Court action, Cause No. 2020CV03138, in the County Court at Law No. 10 of Bexar County, Texas, including any Orders signed by the state judge, and (5) a complete list of all counsel of record in the action.

**PRAYER FOR RELIEF**

Wherefore, premises considered, CEM Insurance Company prays that the action now pending in the County Court at Law No. 10 of Bexar County, Texas be removed to this, the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

BY: _____

Michael A. Hummert
Lead Attorney
State Bar No. 10272000
mhummert@ekvallbyrne.com
EKVALL & BYRNE, LLP
4450 Sigma Road, Suite 100
Dallas, Texas 75244
TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517

ATTORNEYS FOR DEFENDANT
CEM INSURANCE COMPANY

## CERTIFICATE OF SERVICE

On August __19__, 2020, I electronically submitted the foregoing document with the clerk of court of the U.S. District Court, Western District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_____
MICHAEL A. HUMMERT

# ALL PROCESS, PLEADINGS and ORDERS PREVIOUSLY SERVED UPON DEFENDANT AND DEFENDANT'S ANSWER IN CAUSE NO. 2020CV03138
### *Mark A. Nava*
### *vs.*
### *CEM Insurance Company*

# IN THE COUNTY COURT AT LAW NO. 10 OF BEXAR COUNTY, TEXAS

❖❖❖

A.    Copy of Civil Docket Sheet from Bexar County County Clerk for Cause No. 2020CV03138

B.    Plaintiff's Original Petition filed June 15, 2020

C.    Defendant's Original Answer filed August 14, 2020

# EXHIBIT A



## COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2020CV03138

<u>Name</u>: MARK A NAVA

<u>Date Filed</u> : 6/15/2020

<u>Case Status</u> : PENDING

<u>Litigant Type</u> : PLAINTIFF

<u>Court</u> : 010

<u>Docket Type</u> : AUTO DAMAGES & PERS. INJURY

<u>Business Name</u> : 2020CV03138

<u>Style</u> : MARK A NAVA

<u>Style (2)</u> : vs CEM INSURANCE COMPANY

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00005 | 8/14/2020 | ANSWER/RESPONSE<br>DEFENDANT'S ORIGINAL ANSWER |
| P00004 | 7/29/2020 | NO FEE DOCUMENTS<br>RETURN OF SERVICE-CEM INSURANCE CO |
| S00001 | 6/17/2020 | CITATION<br>CEM INSURANCE COMPANY<br>ISSUED: 6/17/2020 RECEIVED: 6/7/2020<br>EXECUTED: 7/22/2020 RETURNED: 7/29/2020 |
| P00003 | 6/17/2020 | REQUEST<br>CITATION SERVICE REQUEST |
| P00002 | 6/15/2020 | CITATION<br>SERVICE REQUEST |
| P00001 | 6/15/2020 | PLAINTIFF ORIGINAL PETITION<br>REQUEST FOR DISCLOSURE AND INITIAL<br>DISCOVERY |

# EXHIBIT B

E-FILED
Bexar County, County Clerk
Lucy Adame-Clark
Submission Date: 6/15/2020 12:40 PM
Accepted Date: 6/15/2020 3:45 PM
Accepted By: Hailey Cho
/s/ Hailey Cho
Deputy Clerk

CAUSE NO. 2020CV03138

| | | |
|---|---|---|
| MARK A. NAVA | § | IN THE COUNTY COURT |
| | § | CC# 10 |
| vs. | § | AT LAW NO. _____ |
| | § | |
| CEM INSURANCE COMPANY | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUEST FOR DISCLOSURE AND INITIAL DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MARK A. NAVA. Plaintiff, in the above-styled and numbered cause, and files this his *Original Petition, Jury Demand, Request for Disclosure, and Initial Discovery*, complaining of CEM INSURANCE COMPANY, Defendant herein, and for cause of action would respectfully show unto this Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Pursuant to Rule 190.1, TEXAS RULES OF CIVIL PROCEDURE, discovery is intended to be conducted under Level 3 of this Rule.

### II.
### PARTIES

Plaintiff, MARK A. NAVA, is a natural person residing in San Antonio, Bexar County, Texas.

Defendant, CEM INSURANCE COMPANY (hereafter referred to as Defendant "CEM INSURANCE COMPANY"), is an insurance company registered with the Texas Department of Insurance and is authorized to conduct business in the State of Texas. This Defendant may be served with process by serving its registered agent **Lawrence J. Beardsley CPA, Inc., 910 N Main Street, Suite C, Euless, Texas 76039**. ISSUANCE and SERVICE of citation is requested over this defendant at this time.

1

## III.
## JURISDICATION AND VENUE

This Court has jurisdiction over Defendant CEM INSURANCE COMPANY in that it is deemed a citizen of the State of Texas pursuant to 28 USC Section 1332.(c)(1)(a). Venue is proper in this Court in that all or a substantial part of the events or omissions giving rise to this claim occurred in Bexar County, Texas.

Plaintiff believes that the evaluation of damages is uniquely within the purview of the jury, however, as required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff states that he seeks monetary relief over one hundred thousand dollars ($100,000.00) but no more than two hundred thousand dollars ($200,000.00).

## IV.
## GENERAL STATEMENT OF THE CASE

Plaintiff, MARK A. NAVA, seeks a declaration to establish the prerequisites to recovery under the provisions of an automobile insurance policy provided by Defendant and which included supposed protection for recovery of damages in the event of a collision with an uninsured or underinsured third-party driver. Specifically, Plaintiff seeks a declaration under TRCP Chapter 37, the Uniform Declaratory Judgment Act ("UDJA"), that Plaintiff is entitled to recover from Defendant, for damages resulting from the motor vehicle collision with a third-party driver that are beyond the damages already recovered from the third-party driver, that those damages fall within the coverage afforded Plaintiff under the automobile insurance policy Defendant was paid for, and specifying the amount of damages, attorney fees, interest, and

2

court costs that Defendant is obligated to pay.[1]

## V.
## FACTUAL BACKGROUND

On or about July 22, 2018, Plaintiff was in a motor vehicle collision with Monica Pena Lucio (herein after called "Third Party") in San Antonio, Bexar County, Texas, wherein he sustained personal injuries.   At all times material hereto, Monica Pena Lucio was an "underinsured motorist" as that term is defined by a UIM policy issued to Plaintiff, MARK A. NAVA. As a result of the collision, Plaintiff sustained serious injuries and damages, the value of which exceeded the liability policy limits of the Third Party, Monica Pena Lucio.  As a result, the Third Party insurer tendered the limits of her liability policy.  Prior to accepting those limits, Plaintiff received permission from Defendant CEM INSURANCE COMPANY to accept said limits without prejudice to his right to pursue his benefits under the under-insured motorist provision of policy number PRAFT A901-02.  After receiving permission from Defendant CEM INSURANCE COMPANY to accept the third party's limits of liability, Plaintiff sought the recovery of the balance of his damages from Defendant CEM INSURANCE COMPANY. Defendant CEM INSURANCE COMPANY wrongfully and without good reason denied

---

[1] As the Fourth Court of Appeals recently explained in its August 21, 2019 opinion in *Allstate Ins. Co. v. Irwin*, No. 04-18-00293, to protect responsible motorists from financial loss when they are involved in car wrecks with uninsured or underinsured motorists (UM/UIM), Texas law requires automobile insurers such as Defendant to include UM/UIM coverage in their policies unless their insureds reject that coverage in writing (which Plaintiff did *not* here). Tex. Ins. Code Ann, Section 1952.101(b); *Ortiz v. State Fin. Mut. Auto Ins. Co.* 955 S.W.2d, 353, 356-57 (Tex. App.—San Antonio 1997, writ denied).  UM/UIM coverage provides payment to the insured for all amounts the insured is "legally entitled to recover" as damages from the UM/UIM.  Tex. Ins. Code. Ann., Section 1952.106. Recovery is reduced by the amount recovered or recoverable from the insurer of the UM/UIM's vehicle and cannot exceed the insured's policy limits.  *Id.*   The UJDA is designed "to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations."  Tex. Civ. Prac. & Rem. Code Ann., Section 37.002(b).  It authorizes a person interested under a written contract to "obtain a declaration of rights, status or other legal relations thereunder."  *Id.*, Section 37.004(a).  The Legislature mandates that "it is to be liberally construed and administered."  *Id.*, Section 37.002(b).  The UDJA gives trial courts discretion to award equitable and just attorney's fees without regard to whether the recipient is the prevailing party.  *Id.*, Section 37.009.  As the Fourth Court of Appeals held in *Irwin*, ". . . an insured may use the UDJA to establish the prerequisites to recovery in a UM/UIM claim." *Allstate Ins. Co. v. Irwin*, No. 04-18-00293.

Plaintiff the full value of his underinsured benefits. Plaintiff subsequently brought this suit to recover the full measure of his damages.

## VI.
## THIRD-PARTY DRIVER'S NEGLIGENCE

On the occasion in question, the third-party driver operated an automobile in a negligent manner and violated the duty owed to Plaintiff to exercise ordinary care in the operation of said motor vehicle by failing to keep a proper lookout and failing to apply her brakes to avoid the collision. Those acts or omissions constituted negligence proximately causing Plaintiff's injuries and damages.

## VII.
## FIRST CAUSE OF ACTION AGAINST DEFENDANT
## FOR UIM BENEFITS: BREACH OF CONTRACT

At the time of the incident made the basis of this lawsuit, Plaintiff carried a policy of insurance with Defendant CEM INSURANCE COMPANY, which contained provisions to provide for damages in whole or part by an underinsured driver. Monica Pena Lucio was an underinsured driver as those terms are defined under the relevant policy. Plaintiff further alleges that the vehicle operated by the driver at the time of the subject collision was an underinsured motor vehicle, as the term is defined under Texas Law.

Plaintiff has fully complied with all the terms of the insurance policy issued by Defendant CEM INSURANCE COMPANY as a condition precedent to bringing this suit. Despite Plaintiff's compliance with the terms and provisions of the policy, Defendant CEM INSURANCE COMPANY has failed to pay benefits due under the policy provisions.

The acts and/or omissions of Defendant CEM INSURANCE COMPANY constitute a breach of the provisions and terms, outlined in the insurance policy, executed between the Plaintiff and Defendant CEM INSURANCE COMPANY. Plaintiff has satisfied all conditions

precedent to the fulfillment of his contractual demands. Accordingly, Plaintiff brings an action for breach of contract against Defendant CEM INSURANCE COMPANY pursuant to Texas statutory and common law, including TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 38, and seeks damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, litigation expenses, and costs of court.

## VIII.
## SECOND CAUSE OF ACTION AGAINST DEFENDANT
## FOR UIM BENEFITS: DECLARATORY JUDGMENT

Therefore, Plaintiff now seeks a declaratory judgment, pursuant to TRCP Chapter 37, that Plaintiff is entitled to recover from Defendant for damages resulting from the motor vehicle collision with the Third Party, that those damages fall within the coverage afforded to Plaintiff under the automobile insurance policy Defendant CEM INSURANCE COMPANY was paid for, and specifying the amount of damages, attorney fees, interest, and court costs that Defendant CEM INSURANCE COMPANY is obligated to pay.

## IX.
## CONSENT TO SETTLE

Plaintiff obtained a written consent from Defendant CEM INSURANCE COMPANY dated May 3, 2019, authorizing Plaintiff to settle the claim against Monica Pena Lucio for $30,000.00.

## X.
## CLAIM FOR CONTRACTUAL BENEFITS UNDER PLAINTIFF'S POLICY

As a direct and proximate result of the Third Party's negligent conduct and because there was not enough liability coverage available to him, Plaintiff is legally entitled to his contractual benefits under his underinsured policy for his damages. Plaintiff suffered bodily injury damages as a result of the subject motor vehicle collision and Plaintiff is a covered person, under the

5

underinsured policy carried with Defendant CEM INSURANCE COMPANY.  Pursuant to the underinsured policy, Plaintiff seeks monetary benefits due under the subject underinsured policy and a judicial determination of the damages proximately caused by the subject collision which Defendant CEM INSURANCE COMPANY must contractually pay to Plaintiff under the underinsured policy.

## XI.
## DAMAGES

As a direct and proximate result of the Third Party's negligence, Plaintiff suffered bodily injuries.  Some of these injuries may be permanent and may abide with Plaintiff for a long time in the future, if not for his entire life.  As a further result of the nature and consequences of his injuries, Plaintiff has suffered physical and mental pain, suffering and anguish, and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

As a result, Plaintiff has sustained, and in all reasonable probability will sustain, the following damages for which he now sues:

a)  Past reasonable and necessary medical expenses.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b)  Reasonable and necessary medical expenses which, in all reasonable medical probability, will be incurred in the future;

c)  Physical pain and suffering in the past;

d)  Physical pain and suffering which, in all reasonable medical probability, will be incurred in the future;

e)  Physical impairment in the past;

f)  Physical impairment which, in all reasonable probability, will be suffered in the future;

g)  Loss of earnings/earning capacity in the past;

h)  Loss of earning capacity which, in all probability, will be incurred in the future;

i)  Mental anguish in the past; and

j)  Mental anguish in the future.

6

Plaintiff also seeks to recover punitive damages, prejudgment interest, post-judgment interest and court costs. Plaintiff's damages exceed the Court's jurisdictional minimum.

## XII.
## ATTORNEY'S FEES

As a result of Defendant's actions complained of in this Petition, Plaintiff was required to engage the services of the DAVIS LAW FIRM. Pursuant to the Texas Civil Practice and Remedies Code, Plaintiff hereby makes this written presentment of Plaintiff's claim for attorney fees, for which Plaintiff seeks reimbursement.

## XIII.
## REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Defendant, CEM INSURANCE COMPANY, is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a) through (l) of the Texas Rules of Civil Procedure.

## XIV.
## ATTACHED DISCOVERY

Plaintiff attaches his First Set of Interrogatories and Requests for Production to Defendant. Pursuant to TEX.R.CIV.P. 197.2(a) and 196.2(a), Plaintiff specifies that the answers shall be served on the first business day after the expiration of fifty (50) days from the date of service of these questions, and that the questions and your sworn answers to them may be offered in evidence at the trial of the lawsuit.

## XV.
## NOTICE TO USE DOCUMENTS PRODUCED IN DISCOVERY

Plaintiff hereby gives notice pursuant to TEX.R.CIV.P. 193.7 of his intent to use all documents produced by all parties at the time of trial, including all responses and documents

7

produced pursuant to depositions upon written questions directed to medical providers seeking the production of medical and/or billing records.

## XVI.
## JURY DEMAND

Pursuant to Texas Rules of Civil Procedure 216, Plaintiff hereby requests a trial by jury and tenders the requisite fee.

## XVII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recovers damages in accordance with the evidence, that Plaintiff recovers costs of court herein expended, that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Boulevard, Suite 102
San Antonio, Texas 78216
Telephone: (210) 444-4444 ext. 1510
Direct Line: (210) 870-1476
Facsimile: (210) 870-1493

BY:     */s/ Jorge A. Tuckler*
JORGE A. TUCKLER
State Bar No. 00794757
jorget@davislaw.com

**ATTORNEY FOR PLAINTIFF**

8

# EXHIBIT C

2020CV03138

E-FILED
Bexar County, County Clerk
Lucy Adame-Clark
Submission Date: 8/14/2020 10:40 AM
Accepted Date: 8/14/2020 10:53 AM
Accepted By: Mayra Castaneda
Deputy Clerk

CAUSE NO. 2020CV03138

| | | |
|---|---|---|
| MARK A. NAVA | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NO. 10 |
| | § | |
| CEM INSURANCE COMPANY | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO SAID HONORABLE COURT:

CEM Insurance Company ("CEM"), the Defendant herein, files this, its Original Answer

to Plaintiff's Original Petition and would respectfully show unto the Court as follows:

### GENERAL DENIAL

### I.

Subject to such stipulations and admissions as may be hereafter made, Defendant CEM

hereby enters a general denial, as is permitted by Rule 92 of the Texas Rules of Civil Procedure.

### Special Exception

### II.

Defendant specially excepts and objects specifically to the allegations in Paragraphs IV,

VII, VIII and XII of Plaintiff's Original Petition wherein the Plaintiff seeks recovery of attorney's

fees in this action to determine whether he is entitled in the first place to recover UIM benefits.

While Plaintiff in his Petition purports to seek attorney's fees under the Declaratory Judgment

Act, Defendant would show that Plaintiff as a matter of law is not entitled to recover attorney's

fees from the insurer in this UM/UIM case, where there has been no breach of contract and there

is presently no just amount owed.  As set forth below, it is well settled law in Texas that a

UM/UIM insurer such as CEM has no duty under its policy to pay benefits under the UM/UIM

coverage portion of its policy until the insured obtains a judgment establishing the liability of the

DEFENDANT'S ORIGINAL ANSWER – Page 1

alleged underinsured motorist and the Plaintiffs' damages.  *See, Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006), where the court reaffirmed that the language "legally entitled to recover" as set forth in the UM/UIM statute (and in the personal auto policy) means that the insurer is under no contractual duty to pay UM/UIM benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist.  Because no such judgment has been obtained in the instant case, the insurer's duty to pay has not yet been triggered; hence, there has been as a matter of law no breach of contract and there is no just amount owed.  As the Texas Supreme Court also held in the *Brainard* case, *supra*, attorney's fees are not recoverable in a UM/UIM claim under Chapter 38 of the Texas Civil Practice & Remedies Code or any other theory.  As the Texas Supreme Court reaffirmed in the companion case of *State Farm Mut. Auto Ins. Co. v. Norris*, 216 S.W.3d 819 (Tex. 2006), "An insured may recover attorney's fees under Chapter 38 only if the insurer does not tender the UIM benefits within 30 days after the trial court signs a judgment establishing the liability and underinsured status of the other motorist."  *Id.* at 822.  Accord, see *State Farm Mut. Auto Ins. Co. v. Nickerson*, 216 S.W.3d 823 (Tex. 2006).

Because no such judgment has been obtained in the instant case, there has been as a matter of law no breach of contract and there is presently no just amount owed.  Therefore, Plaintiff can have no valid claim for attorney's fees, under the Declaratory Judgment Act, or otherwise.  Accordingly, all allegations relating to a claim for attorney's fees should be stricken from Plaintiff's Original Petition.  Of this special exception, Defendant prays judgment of the court.

## Verified Denials

### III.

Pleading further, Defendant denies that Plaintiff has complied with all conditions precedent to payment of his claim for Uninsured/Underinsured Motorist benefits under the subject policy of insurance. Specifically, it is well-settled law in Texas that an uninsured motorist insurer such as CEM has no duty under its policy to pay benefits under the UM/UIM coverage portion of its policy until the insured obtains a judgment establishing the liability of the alleged underinsured motorist and the Plaintiff's damages. Because no such judgment has been obtained in the instant case, the liability of the insurer to pay UM/UIM benefits has not yet been triggered. Consequently, Plaintiff as a matter of law can have no claim for breach of contract based on the alleged failure to pay benefits that are not presently owed.

## Affirmative Defenses

### IV.

Pleading further, and in the alternative, Defendant alleges that the conduct of Plaintiff proximately caused or proximately contributed to cause the Plaintiff's alleged damages and injuries. In this connection, Defendant affirmatively alleges the doctrine of comparative responsibility under Chapter 33 of the Texas Civil Practice & Remedies Code.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant CEM Insurance Company requests judgment of the Court as follows:

1. That Plaintiff take nothing of and from this Defendant;

2. That Defendant recover its costs, together with its attorney's fees and all such other and further relief to which it may be justly entitled.

Respectfully submitted,

EKVALL & BYRNE, LLP

By: _____

Michael A. Hummert
State Bar No.   10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
Telephone: (972) 239-0839
Facsimile: (972) 960-9517

ATTORNEYS FOR DEFENDANT
CEM INSURANCE COMPANY

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was e-served on counsel of record in accordance with the Texas Rules of Civil Procedure on this _____ day of August, 2020.

_____

MICHAEL A. HUMMERT

## VERIFICATION

STATE OF TEXAS                          §

COUNTY OF DALLAS                        §

    BEFORE ME, the undersigned authority, on this day personally appeared Michael A. Hummert, known to me, who being by me duly sworn upon oath deposed and stated that he is over eighteen (18) years of age, is of sound mind, is fully competent to make this affidavit, that he is attorney of record for Defendant CEM Insurance Company, and that the statements contained in Paragraph III of the foregoing instrument are, on information and belief, true and correct.

_____<br>
Michael A. Hummert

    SUBSCRIBED AND SWORN TO before me this _14th_ day of August, 2020.

_____
NOTARY PUBLIC, STATE OF TEXAS

DONNA WOJCIK
Notary Public, State of Texas
Comm. Expires 02-07-2023
Notary ID 889970

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MARK A. NAVA | CEM Insurance Company |

| (b) County of Residence of First Listed Plaintiff   **BEXAR** | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Jorge A. Tuckler, Davis Law Firm | Michael A. Hummert, Ekvall & Byrne |
| 10500 Heritage Blvd., Ste. 102, San Antonio Texas 78216 | 4450 Sigma Road, Suite 100, Dallas, Texas 75244 |
| Phone: 210-870-1476 | Phone: 972-239-0839 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability / ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine   Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -   Product Liability | Leave Act | | Act |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332

Brief description of cause:
Claim for UIM benefits, breach of contract and declaratory judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE   8 -19-20 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
San Antonio                      DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION:**

1.      Please identify the court from which the case is being removed; the case number; and the complete style of the case.

   Cause No. 2020CV03138
   Mark A. Nava v. CEM Insurance Company
   In the County Court at Law No. 10
   Bexar County, Texas

2.      Was jury demand made in State Court?          ☒ Yes          ☐ No

If yes, by which party and on what date?

Mark Nava                                    06-15-2020
Party Name                                   Date

**STATE COURT INFORMATION:**

1.      List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

   Mark A. Nava                      Jorge A. Tuckler (SB #00794757)
   Plaintiff                         Davis Law Firm
                                     10500 Heritage Boulevard, Suite 102
                                     San Antonio, Texas 78216
                                     Phone: 210-870-1476  Fax: 210-870-1493

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

   Not Applicable

TXWD - Supplement to JS 44 (Rev. 9/2019)                                    Page 1

3.     List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

 Not Applicable

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS:**

1.     List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

 Not Applicable

**VERIFICATION:**

8-19-20

Attorney for Removing Party                          Date

CEM INSURANCE COMPANY

Party/Parties

(NOTE:  Additional comment space is available on page 3)

**ADDITIONAL COMMENTS (As necessary):**

STATE COURT INFORMATION, Continued

| | |
|---|---|
| CEM Insurance Company | Michael A. Hummert (SB #10272000) |
| Defendant | Ekvall & Byrne, LLP |
| | 4450 Sigma Road, Suite 100 |
| | Dallas, Texas 75244 |
| | Phone:    972-239-0839 |
| | Fax:       972-960-9517 |